UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| Brian Rice,<br><br>　　　Plaintiff,<br><br>v.<br><br>First National Bank of Omaha,<br><br>　　　Defendant. | Civil Action No.: _____<br><br><br>**COMPLAINT AND DEMAND FOR**<br>**JURY TRIAL IN OMAHA, NEBRASKA** |

Plaintiff, Brian Rice ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, First National Bank of Omaha ("Defendant"), alleging as follows:

## INTRODUCTION

1. Plaintiff brings this action on behalf of himself, individually, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on his cellular telephone in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3). See, Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S.C §1391(b)(1) because Defendant's principal place of business is in Omaha, Nebraska.

## PARTIES

4. Plaintiff is a natural person residing in Tulsa County, in the city of Owasso, Oklahoma, and is otherwise *sui juris*.

5. Defendant is a nationally chartered bank with its principal place of business located in Omaha, Nebraska.

6. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. §153 (39).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred through purchases made on credit issued by Defendant.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (918) XXX-1077.

10. Defendant placed collection calls to Plaintiff from various telephone numbers including, but not limited to, (800) 537-3302 and (877) 395-3606.

11. Upon information and belief, based on the great number and frequency of the calls and Defendant's prior business practices, Defendant's calls were placed with an automatic telephone dialing system.

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. §227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff.

13. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

15. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On or about May 23, 2018, Plaintiff called Defendant's company at phone number (800) 537-3302, spoke with Defendant's representative and requested that Defendant cease calling Plaintiff's cellular telephone.

17. During the conversation, Plaintiff gave Defendant his social security number and telephone number in order to assist Defendant in identifying him and accessing Plaintiff's accounts before asking Defendant to stop calling his cellular telephone as to all of his accounts with Defendant.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call his cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in his conversation with Defendant's representative on May 23, 2018.

19. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff after May 23, 2018.

20. Defendant continued to place collection calls to Plaintiff on his cellular telephone, at least, through August 2018.

21. Despite Plaintiff's request that Defendant cease placing automated collection calls to Plaintiff via the use of an automatic telephone dialing system, Defendant continued to place at least ninety (90) telephone calls via use of an automatic telephone dialing system to Plaintiff's cellular telephone.

22. Defendant placed the great number of telephone calls to Plaintiff with the sole intention of harassing Plaintiff in such a manner so as to cause Plaintiff to pay the alleged debt claimed by Defendant, even when Plaintiff admittedly had no ability to pay. This telephonic harassment caused Plaintiff considerable anxiety and emotional distress.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. §227(b)(3)(B)

23. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

24. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

25. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Brian Rice, respectfully requests judgment be entered against Defendant, First National Bank of Omaha, as follows:

   a.   Awarding Plaintiff statutory damages of five hundred dollars ($500.00) multiplied by the number of negligent violations of the TCPA alleged herein, to wit: ninety (90) for a total of forty-five thousand dollars ($45,000.00);

   b.   Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227(b)(3)(C)

27. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-22.

28. The above listed acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

29. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of one thousand five hundred dollars ($1,500.00) in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiff is also entitled to injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, Brian Rice, respectfully requests judgment be entered against Defendant, First National Bank of Omaha, as follows:

    a.    Awarding Plaintiff statutory damages of one thousand five hundred dollars ($1,500.00) multiplied by the number of knowing and/or willful violations of TCPA alleged herein, to wit: ninety (90) for a total of two hundred one thousand dollars ($135,000.00);

    b.    Awarding Plaintiff actual damages and compensatory damages according to proof at time of trial; and

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: October 5, 2018.

RESPECTFULLY SUBMITTED,

By: */s/ Carlos C. Alsina*
Carlos C. Alsina-Batista
Bar Number 15240
*Attorney for Plaintiff, Brian Rice*
The Law Offices of Jeffrey Lohman, P.C
4740 Green River Rd., Ste 310
Corona, CA 92880
T: (657) 363-3331/F: (657) 246-1311
E: CarlosA@jlohman.com